**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LEE WARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRAND CANYON EDUCATION, INC. d/b/a GRAND CANYON UNIVERSITY,<br><br>Defendant. | ) | **CIVIL ACTION FILE NO. ______________** |

**GRAND CANYON EDUCATION INC.'S NOTICE OF REMOVAL**

Defendant Grand Canyon Education, Inc. d/b/a Grand Canyon University ("GCU") hereby removes this action from the Superior Court of Gwinnett County, Georgia, to the Atlanta Division of the United States District Court for the Northern District of Georgia in accordance with 28 U.S.C. §§ 1332, 1441, 1446, 1453, and other applicable law. This Court has jurisdiction over this action under 28 U.S.C. §1332(d)(2). As grounds for removal, GCU respectfully shows this Court the following:

## I. BACKGROUND

1. On April 10, 2017, Plaintiff Lee Ward filed a Class Action Complaint (the "Complaint") against GCU in the Superior Court of Gwinnett County, Case No. 17 A03474-9 (the "State Court Action"). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action or served upon GCU in the State Court Action as of the date of this filing are attached hereto as Exhibit A.

2. Plaintiff alleges that he and the putative class have been harmed in connection with GCU's tuition refund policy. Plaintiff's three-count complaint purports to assert claims for: (i) breach of contract; (ii) unjust enrichment; and (iii) declaratory judgment. The Complaint seeks compensatory, punitive, and other damages, as well as a judicial declaration that GCU's tuition refund policy provisions are unenforceable.

3. As stated in the Complaint, Plaintiff seeks to represent a class of individuals defined as, "All Grand Canyon University students whose tuition assessments have not been properly refunded or recredited." (the "Putative Class") (Compl. ¶ 31).

4. This Court has original jurisdiction over Plaintiff's claims against GCU under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

5. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 90(a)(2) because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the Superior Court of Gwinnett County, where the State Court Action was filed.

6. Plaintiff served GCU with a Summons and copy of the Complaint on April 14, 2017. Thirty days after April 14, 2017 is Sunday, May 14, 2017. GCU's deadline to file this Notice of Removal ("Notice") is therefore Monday, May 15, 2017. *See* Fed. R. Civ. P. 6(a)(2)(C) (extending deadlines running on a weekend "until the same time on the next day that is not a Saturday, Sunday, or a legal holiday"). GCU files this Notice on Monday, May 15, 2017. The Notice is therefore timely filed in compliance with 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), GCU has filed this Notice with this Court, will serve a copy of this Notice upon counsel for all parties, and will file a copy in the Superior Court of Gwinnett County, along with a Notice of Filing of Notice of Removal. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.[1]

---

[1] By removing this action, GCU does not waive, but expressly preserves any defenses with respect to the underlying state court action, including, but not limited to defenses related to venue and/or jurisdiction.

## II. THIS COURT HAS ORIGINAL JURISDICTION OVER THE CLAIMS IN THE STATE COURT ACTION UNDER CAFA

8. The Class Action Fairness Act ("CAFA") grants federal courts diversity jurisdiction over putative class actions that meet certain diversity and amount in controversy requirements. *See* 28 U.S.C. § 1332(d). Because, as shown below, those requirements are satisfied in this case, the State Court Action may be removed to this Court.

### A. The Number of Proposed Class Members Is Not Less Than 100.

9. Plaintiff alleges that the class he seeks to represent consists of "thousands of students and former students." (Compl. ¶ 34). As such, Plaintiff asserts and proposes a putative class of more than 100 members.

10. The requirement that the number of proposed class members is not less than 100 is satisfied.

### B. The State Court Action Satisfies the CAFA Minimum Diversity Requirement.

11. The State Court Action satisfies the CAFA diversity requirement because at least one named plaintiff or absent class member is a citizen of a different state than at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(a). GCU, a publicly-traded company, is a citizen of Delaware (its state of incorporation) and Arizona (its primary place of business). *See* 28 U.S.C. 1332(c)(1) (citizenship of corporations).

In the Complaint, Plaintiff alleges that he is a "United States citizen" (Compl. ¶ 2), but does not allege the state of which he is a citizen. While GCU disputes that Plaintiff may represent the Putative Class, Plaintiff purports to represent a nationwide class, including putative class members who are citizens of Georgia (Compl. ¶ 31). Indeed, Plaintiff alleges that "thousands of Georgians . . . have enrolled" in GCU and that "thousands [of Georgians] are currently enrolled." (Compl. ¶ 4). Because at least one absent class member is a citizen of a state other than Delaware or Arizona, GCU's states of citizenship, the CAFA diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(a).

12. None of the mandatory or permissive exceptions in CAFA are presently applicable. Those exceptions apply only if (in relevant part) at least one defendant is a citizen of the state where the action was originally filed. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A)(i)(II)(cc). GCU is the only defendant and it is not a citizen of Georgia, the state where the action was originally filed. Moreover, the burden of proving these exceptions falls on the Plaintiff.

### C. The State Court Action Satisfies the CAFA Amount in Controversy Requirement.

13. The amount in controversy in this case, exclusive of interests and costs, exceeds the $5 million jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

14. Notably, 28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 U.S. 547, 554 (2014).

15. While GCU disputes that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff can ultimately recover nothing under the claims in the Complaint, Plaintiff's allegations and the relief sought determine the amount in controversy for purposes of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (Easterbook, J.) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

16. For purposes of determining the amount in controversy under CAFA, the claims of putative class members are aggregated. 28 U.S.C. § 1332(d)(6). Here, Plaintiff states that "[t]ens of thousands of students drop classes or attempt to withdraw entirely from the school each year" and seeks recovery on behalf of a proposed class consisting of "thousands of students and former students." (Compl. ¶ 34).

17. While Plaintiff does not specify the exact amount of compensatory and punitive damages he seeks to recover on behalf of the proposed class, Plaintiff alleges that GCU is liable for "the losses of Plaintiff and the Class that have resulted from Defendant's breaches of the parties' contractual agreement." (Compl. ¶ 43). Simple calculation of the amount in controversy may be performed by multiplying the loss Plaintiff alleges he suffered by a plausible number of class members. *See, e.g.*, *Jovine v. Abbott Labs., Inc.*, No. 9:11-cv-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (denying a motion to remand after calculating the amount in controversy using simple multiplication); *Senterfitt v. SunTrust Mortg., Inc.*, 385 F. Supp. 2d 1377, 1383, n.8 (S.D. Ga. 2005) (allowing simple multiplication of a possible award to determine aggregate amount in controversy under CAFA); *see also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945-46 (8th Cir. 2012) (concluding that the amount in controversy exceeded CAFA's $5 million

requirement by multiplying the average alleged transaction fee by the number of transactions at issue); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision.").

18. The Complaint alleges the "improper balance" billed to Plaintiff is $1,639.38. (Compl. ¶¶ 29-30). Plaintiff also alleges that he paid "nearly $1000" to GCU in addition to the alleged account balance. (Compl. ¶ 19). In the Complaint, Plaintiff alleges that "tens of thousands of students drop classes or attempt to withdraw entirely from the school each year." (Compl. ¶ 34). Plaintiff proposes a time period for the Putative Class consisting of the "number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future . . . ." (Compl. ¶ 33). If just 1,000 students (of the "tens of thousands of students" allegedly withdrawing from GCU each year) join the class for each of the six years within the statute of limitations for breach of contract claims in Arizona (the law governing Plaintiff's contract with GCU), the class would consist of 6,000 members. (*See* Compl. ¶ 34). A claim of just $1,639.38 multiplied by 6,000 class members amounts to almost $10 million in controversy, which far exceeds the $5 million CAFA threshold. Additionally, Plaintiff alleges that "GCU procured over $6,000 in federal loans for Mr. Ward,"

and that GCU should have fully refunded the amount of those loans. (*See* Compl. ¶¶ 24, 27). Although Plaintiff alleges that his proposed class includes "thousands of students and former students," if the proposed class consists of just 1,000 members with typical claims in excess of $6,000, the amount in controversy would exceed the jurisdictional threshold.

19. Plaintiff also seeks punitive damages on behalf of the proposed class. (Compl. ¶ 68). These additional damages push the amount in controversy even further beyond the $5 million CAFA threshold.

## III. CONCLUSION

20. In conclusion, GCU submits that CAFA applies to this action because: (i) Plaintiff commenced this action after CAFA's effective date; (ii) Plaintiff alleges a class of not less than 100 proposed class members; (iii) at least one member of the proposed class is a citizen of a state different from the sole defendant's state of incorporation and principal place of business; (iv) the aggregate amount placed in controversy by Plaintiff's Complaint exceeds $5 million, exclusive of interest and costs; and (v) the procedural requirements for removal under 28 U.S.C. § 1446 are met. For these reasons, GCU respectfully requests that this Court assume full jurisdiction over this action as provided by law.

21. GCU intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings and to the proprietary of class certification.

WHEREFORE, GCU hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted this 15th day of May, 2017.

/s/ Derin B. Dickerson
Derin B. Dickerson
Georgia Bar No. 220620
Kristen K. Bromberek
Georgia Bar No. 632618
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-253-8169
derin.dickerson@alston.com
kristen.bromberek@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

**CERTIFICATE OF COMPLIANCE WITH**
**LOCAL RULE 5.1**

I hereby certify that the foregoing was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

This 15th day of May, 2017.

/s/ Derin B. Dickerson
Derin B. Dickerson

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true and correct copy of the within and foregoing with the Clerk of Court using the Court's CM/ECF system. I further certify that I have this day served a true and correct copy of the same via United States First Class Mail, postage prepaid, and properly addressed as follows:

E. Adam Webb
G. Franklin Lemond, Jr.
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339

*Attorneys for Plaintiff*

On this 15th day of May, 2017.

/s/ Derin B. Dickerson
Derin B. Dickerson